NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KNIGHTS FRANCHISE SYSTEMS, INC., a Delaware Corporation,<br><br>                  Plaintiff,<br><br>                  v.<br><br>PUREWAL ENTERPRISES, LTD, a Washington Limited Partnership; and GURINDERJIT PUREWAL, an individual,<br><br>                  Defendants. | Civil Action No. 14-881 (ES)<br><br>OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

       This matter comes before the Court on Plaintiff Knights Franchise Systems, Inc.'s motion for default judgment as to Defendant Purewal Enterprises, LTD pursuant to Federal Rule of Civil Procedure 55(b)(2).[1]  The motion is unopposed.  Having considered Plaintiff's submissions, the Court hereby DENIES Plaintiff's motion for default judgment.

**I.    FACTUAL BACKGROUND**

       On February 4, 2010, Plaintiff entered into a franchise agreement (the "Franchise Agreement" or "Agreement") with Purewal Enterprises for the operation of a 100-room Knights® guest lodging facility located in Shelbyville, Indiana.  (D.E. No. 1, Complaint ("Compl.") ¶ 9; *see also* D.E. No. 1, Ex. A ("Franchise Agr.")).  Pursuant to the Franchise Agreement, Purewal Enterprises was required to make periodic payments to Plaintiff for royalties, taxes, reservation fees, among other fees (collectively "Recurring Fees").  (Compl. ¶ 11).  Plaintiff could terminate the Franchise Agreement, with notice, "if Purewal Enterprises (a) discontinued operating the

---

[1] Plaintiff only seeks default judgment against Purewal Enterprises, LTD.  (*See* D.E. No. 13).

Facility as a Knights® guest lodging establishment or (b) lost the right to possession of the Facility." (*Id.* ¶ 14; *see also* Franchise Agr. § 23). Pursuant to section 23 of the Franchise Agreement, Purewal Enterprises agreed that, in the event of a termination of the Agreement, it would pay Plaintiff liquidated damages in accordance with a formula detailed in the Agreement. (Compl. ¶ 15; Franchise Agr. § 23). Additionally, pursuant to section 28 of the Franchise Agreement, Purewal Enterprises agreed that the non-prevailing party would be obligated to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." (Franchise Agr. § 28).

Effective as of the date of the Franchise Agreement, Gurinderjit Purewal ("Purewal"), a member of Purewal Enterprises, provided Plaintiff with a Guaranty of Purewal Enterprise's obligations under the Agreement. (Compl. ¶¶ 3, 17; *see also* D.E. No. 1, Ex. B ("Guaranty")). Under the terms of the Guaranty, Purewal agreed that, upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement." (Guaranty at 1; *see also* Compl. ¶ 18).

On December 30, 2010, Purewal Enterprises filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court, Western District of Washington. (Compl. ¶ 20). By order dated July 6, 2011, the United States Bankruptcy Court, Western District of Washington authorized Plaintiff to terminate the Franchise Agreement due to Purewal Enterprises' rejection of the Agreement via the bankruptcy proceeding. (*Id.* ¶ 21; D.E. No. 1, Ex. C). By letter dated August 31, 2011, Plaintiff notified Purewal Enterprises that, in accordance with the July 6, 2011 order, the Franchise Agreement terminated effective August 31, 2011. (Compl. ¶ 22; D.E. No. 1, Ex. D). Furthermore, Plaintiff advised Purewal Enterprises that the company was obligated to pay Plaintiff $24,960.00

in liquidated damages and all outstanding Recurring Fees through the termination date of the Franchise Agreement. (Compl. ¶ 22; D.E. No. 1, Ex. D). On or around October 6, 2011, the United States Bankruptcy Court for the Western District of Washington dismissed Purewal Enterprises' Chapter 11 Bankruptcy. (Compl. ¶ 23).

On February 12, 2014, Plaintiff filed the instant Complaint. (D.E. No. 1). That same day, Plaintiff forwarded the Summons and Complaint to Recon Management Group ("Recon") to effectuate personal service upon Purewal Enterprises. (D.E. No. 13-2, Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default as to Purewal Enterprises, LTD Only ("Couch Cert.") ¶ 4). Plaintiff's counsel certifies that Recon was unable to locate Purewal Enterprises despite diligent efforts and inquiry. (*Id.* ¶ 5; *see also* D.E. 13-2, Ex. A, Affidavit of Diligent Efforts as to Defendant, Purewal Enterprises, LTD ("Aff. Diligent Efforts")). Plaintiff's counsel further certifies that, by letter dated March 26, 2014, Plaintiff "served defendant Purewal Enterprises, Ltd. with a copy of the Summons and Complaint via certified and regular mail pursuant to New Jersey Court Rule 4:4-4(b)(1)(C)." (Couch Cert. ¶ 6). A copy of that letter states that it was sent "via regular and certified mail." (D.E. No. 13-2, Ex. B (alterations in formatting)).

The Complaint contains five claims against Purewal Enterprises, respectively: (1) an accounting claim; (2) a breach of contract claim for liquidated damages in the amount of $24,960.00; (3) a claim in the alternative for actual damages in an amount to be determined at trial if the Court decides that Purewal Enterprises is not liable to pay Plaintiff liquidated damages; (4) a breach of contract claim for Recurring Fees in the amount of $63,820.54; and (5) an unjust enrichment claim in the amount of $63,820.54. (Compl. at 6-10). Additionally, Plaintiff asserts that, pursuant to the Guaranty, Purewal is liable to Plaintiff for Purewal Enterprises' liquidated damages in the amount of $24,960.00 or for actual damages in an amount to be determined at trial;

3

Plaintiff also claims that Purewal is liable for Recurring Fees in the amount of $63,820.54. (*Id.* ¶ 49). Finally, Plaintiff seeks interest, attorneys' fees, and costs of suit. (*Id.* at 8-10).

On August 20, 2014, Plaintiff requested an entry of default against Purewal Enterprises for failure to plead or otherwise defend. (D.E. No. 11). The Clerk of the Court entered default against Purewal Enterprises the next day. (D.E. dated Aug. 21, 2014). By letter dated September 4, 2014, Plaintiff sent Purewal Enterprises a copy of its request for entry of default and the Clerk's resulting entry of default. (Couch Cert. ¶ 9; D.E. No. 13-2, Ex. C). On November 17, 2014, Plaintiff filed the instant motion for default judgment against Purewal Enterprises. (D.E. No. 13). The motion is unopposed.

## II.    DISCUSSION

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 8-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). The Court has subject matter jurisdiction over the instant case pursuant 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000. (Compl. ¶¶ 1-5). Furthermore, the Court has personal jurisdiction over Purewal Enterprises pursuant to section 28 of the Franchise Agreement, as the parties consented "to the non-exclusive personal jurisdiction of . . . the United States District Court for the District of New Jersey." (*Id.* ¶ 6 (quoting Franchise Agr. § 28)). Finally, venue is proper pursuant to section 28 of the Franchise Agreement because the parties consented to "venue in . . . the United States District Court for the District of New Jersey." (Franchise Agr. § 28; *see also* Compl. ¶ 8).

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether

default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). "Plaintiff bears the burden of establishing sufficient service of process." *Anderson v. Mercer Cnty. Sheriff's Dep't*, No. 11-7620, 2013 WL 5703615, at *3 (D.N.J. Oct. 17, 2013) (citing *Grand Entm't Group*, *Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). It is "error as a matter of law for [a] district court to enter a default judgment against [a defendant] when it was never served." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995).

Service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h)(1). Rule 4(h)(1) states that service upon a corporation, partnership, or association may be effectuated "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) permits a plaintiff to serve a copy of the summons and complaint upon a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located in New Jersey and service was attempted in Washington, (D.E. No. 13-2, Ex. B), service is proper if it is in accordance with either New Jersey or Washington law.

Plaintiff contends that service was proper pursuant to New Jersey Court Rule 4:4-4(b)(1)(C). (Couch Cert. ¶ 6). New Jersey Court Rule 4:4-4(b)(1)(C) provides that:

> If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, *in personam* jurisdiction may be obtained over any defendant . . . [by] (C) mailing a copy of the summons and complaint by registered or certified mail, *return receipt requested*, and, simultaneously, by ordinary mail to . . . a corporation, partnership or

5

unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office.

N.J. Ct. Rule 4:4-4(b)(1)(C) (emphasis added). However, Plaintiff has not established that the Summons and Complaint were sent return receipt requested, as required by New Jersey Court Rule 4:4-4(b)(1)(C). *See Travelodge Hotels, Inc. v. CPK, Inc.*, No. 13-4796, 2014 WL 2611836, at *2 (D.N.J. June 10, 2014) (declining to enter default judgment because the plaintiff failed to establish that the summons and complaint were sent return receipt requested). Accordingly, Plaintiff has not demonstrated that service was proper under the New Jersey rules. Plaintiff has not even alleged proper service under Washington rules, and thus the Court does not evaluate whether service was in accordance with Washington law.

### III. CONCLUSION

Because Plaintiff has not demonstrated proper service, the Court declines to enter a default judgment.

Accordingly, IT IS on this 25th day of June 2015,

**ORDERED** that Plaintiff's Motion for Default Judgment, (D.E. No. 13), is DENIED without prejudice; and it is further

**ORDERED** that if Plaintiff chooses to refile the default judgment motion in this matter, it shall submit a brief in accordance with Local Civil Rule 7.2, and the brief shall address how Plaintiff properly effectuated service of process upon Defendant Purewal Enterprises pursuant to either New Jersey or Washington law governing service of process.

**SO ORDERED.**

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**